Chadsey v. Chadsey.

---

JOHN Q. CHADSEY
v.
JAMES M. CHADSEY.

*Administration—Conveyance of Distributive Share—Reservation of Note—Interest.*

The reservation of a certain note, in a conveyance by a legatee of his interest in an estate, is construed by this court to include both principal and interest.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Schuyler County; the Hon. J. C. BAGBY, Judge, presiding.

Mr. LEWIS A. JARMAN, for appellant.

Messrs. D. H. GLASS and S. B. MONTGOMERY, for appellee.

WALL, J. The appellee, who was a legatee of Benjamin Chadsey, deceased, executed a deed of conveyance to the appellant, who was executor as well as a legatee of said estate, by which deed, for the consideration of $4,000, he conveyed to the appellant an undivided one-seventh interest in all the land owned by said Benjamin Chadsey at his death and also transferred to appellant all his, appellee's, interest in the personal estate of said deceased, "but reserving the right to prove that a cer'ain note of $1,000 was given by him to his said father for $1,000 borrowed money, and collect same from said estate for his own use, said $1,000 in money being charged against him in his father's book of advancements, and said money and note both being inventoried by the executor of the said estate as advancements to said first party."

The appellant presented his final report, from which it appeared that there was something over $2,700 unpaid on the distributive share of appellee, but insisted that by reason of the provisions of said conveyance the appellee was entitled to receive only the sum of $1,000, and that appellant had the right to retain the balance for himself. The appellee insisted, however, that he ought to have the full amount of the note referred to and upon which, as shown by the inventory mentioned, there was due of principal and interest the sum of $1,769.76.

The Circuit Court adopted the latter view and gave judgment accordingly. The question is as to the proper construction to be given the reservation just quoted. Certain letters written by the parties to each other are in evidence, and it is proper to consider the whole situation as disclosed by the condition of the estate, including the inventory and the claims held by the estate against the appellee. The expression in this reservation, " and collect the same from the estate for his own use," evidently refers to the note given for $1,000 mentioned in the inventory, and is rather inapt if taken in its literal sense.

It is a solecism to say that one will collect a note given and signed by himself for his own use. The deed was drawn by the appellant, who was the executor, and this phrase was no doubt used by him to preclude the possibility of his being individually liable for the amount. This idea is suggested in a letter written by him a few days before the deed was made. He was buying the claim of the appellee against the estate, save and except whatever " benefit might accrue to him by getting the double charge corrected," as he expressed it in this letter, and expected to pay him whatever could be thus realized if the estate would justify, but he did not intend to be personally responsible; so this phrase was employed; and upon carefully considering the whole matter it is reasonably clear that the intention was to give appellee the benefit of any reduction obtainable, by making the proof suggested, as to the origin of the note. Had he *not* sold his interest in the estate the note, if standing as inventoried and unimpeached, would have been a set-off *pro tanto* against his claim as legatee ; but if he could annul it, of course it could not be so used, and in assigning his interest he would also assign the benefit to accrue in this respect, if he did not reserve or except it from the operation of the transfer. In so reserving it, we may well suppose he meant to reserve the whole of it, if no terms of limitation appear, and when he thus reserved the right to collect the note, referring to it as being inventoried, it is plain that not only the principal but the accrued interest was intended to be included in the reservation, at least to the amount due as shown by the inventory, $1,769.76.

We are of opinion the conclusion reached by the court below was correct and the judgment will be affirmed.

*Judgment affirmed.*